UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL ROYSTER,<br><br>        Petitioner,<br><br>v.<br><br>COMMONWEALTH OF PENNSYLVANIA,<br><br>        Respondent. | Case No.  C08-5321 RJB/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**June 27, 2008** |

This habeas corpus action, filed pursuant to 28 U. S.C. 2254, has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local MJR 3 and 4. After reviewing the petition for writ of habeas corpus (Dkt. # 1), the undersigned recommends that the petition be dismissed because it has been filed in the wrong jurisdiction and this court does not have personal jurisdiction over the Petitioner's custodian.

**DISCUSSION**

Federal courts have authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. §2241.  The court issuing the writ must have personal jurisdiction over the custodian.  *See Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 495 (1973); *Subias v. Meese,* 835 F.2d 1288, 1289 (9th Cir.1987). Without such jurisdiction, the court has no authority to direct the actions of the restraining authority. *Subias*, 835 F.2d at 1289.

Petitioner is housed at SCI-Rockview Institution, a Department of Corrections institution

REPORT AND RECOMMENDATION
Page - 1

located in Bellefonte, in the Commonwealth of Pennsylvania. (Dkt. # 1, pp. 7, 9). Petitioner seeks release because of "violation of Pennsylvania & Philadelphia Rules of Criminal Procedures . . . ". *Id*. p. 2).

This court does not have jurisdiction to grant the writ of habeas corpus within the Commonwealth of Pennsylvania and does not have personal jurisdiction over the custodian of the SCI-Rockview Institution in Bellefonte, Pennsylvania. Accordingly, the undersigned recommends that this petition be **DISMISSED WITHOUT LEAVE TO AMEND.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 27, 2008**, as noted in the caption.

DATED this 29th day of May, 2008.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2